UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| TYREIK LARRY WATSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-145 |
| | ) | CR413-128 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Again this Court is presented with a case requiring application of the prison mailbox rule, if not also perjury law. *See Williams v. United States*, 2016 WL 3194368 at * 2 (S.D. Ga. June 6, 2016). Tyreik Larry Watson moves for 28 U.S.C. § 2255 relief. CR413-128, doc. 52. In 2014, he pled guilty to and was convicted of violating 21 U.S.C. § 841 (Distribution of a Controlled Substance (Cocaine)). Doc. 35 (Plea Agreement); doc. 37 (judgment imposing 151-month sentence). The Eleventh Circuit denied his appeal, in which he had challenged his career offender sentence enhancement. Doc. 47, *mandate entered*, December 2, 2014, doc. 48. Now he attacks his sentence through an ineffective

assistance claim -- he faults his trial counsel for failing to challenge his sentence enhancements. Doc. 52 at 4-5; *see also* doc. 53 (supporting brief). The Court preliminarily reviews his § 2255 motion under Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C. § 2255.

On its face Watson's § 2255 motion beckons a timeliness examination under § 2255(f)(1)'s one-year limitations period. His conviction became "final" when his time for filing a certiorari petition expired. *Clay v. United States*, 537 U.S. 522, 524-25 (2003) ("For the purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). He could have filed his cert petition within 90 days of entry of the Eleventh Circuit's judgment. Sup. Ct. R. 13.1. His conviction therefore became "final" on March 2, 2015, 90 days after the December 2, 2014 entry of the Eleventh Circuit's mandate. He had one year from that date (hence, March 2, 2016) to file his § 2255 motion.

Watson's § 2255 motion arrived at this Court on June 14, 2016 -- months late. Doc. 52. But within that motion he declared, under penalty of perjury (citing 28 U.S.C. § 1746), that he signed it on August 6, 2015.

2

*Id.* at 13. On the very next page, however, he certified that he placed his § 2255 motion in his prison's mail system on July 27, 2015. *Id.* at 14. He does not attempt to explain this inconsistency. And on that same page (and under another § 1746 declaration) he declares that his mailing certification was correct, yet wrote "June, 2016" just above *that* declaration's signature. *Id.* He left that inconsistency unexplained, too.

If Watson's first date-certification (*i.e.*, August 6, 2015) is true, then his § 2255 motion is timely filed. To prevent casual back-dating, the Court's § 2255 form questions movants whether they met § 2255(f)'s one-year limitations period *and* compels them to sign their name, affirming their answer, under penalty of perjury. In response Watson typed: "This petition is timely filed." Doc. 52 at 12. Meanwhile, the prison mail-receipt stamp on his § 2255 motion's prison-mailing envelope is too faded to read, as is the envelope's postmark. *Id.* at 15.

The law sorts things like this out by erecting a presumption of mailing: "Under the 'prison mailbox rule,' a *pro se* prisoner's federal habeas petition is deemed filed on the date it is delivered to prison authorities for mailing, which, absent evidence to the contrary, is presumed to be the date executed. *See Houston v. Lack*, 487 U.S. 266,

275-76 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)." *Lawson v. Thomas*, 2015 WL 9703422 at * 2 n. 1 (N.D. Ala. Dec. 17, 2015); *Natson v. United States*, 494 F. App'x 3, 4 (11th Cir. 2012). Watson executed his §2255 motion on "6 August 2015," doc. 52 at 13, and literally cites *Houston* and the "Mailbox Rule" on his § 2255 motion's inconsistently dated Certificate of Service page. *Id.* at 14.

The date disparity that Watson has supplied (July 27, 2015, or August 6, 2015, or "June, 2016"), demands clarification, absent which the Court will not presume a date on which he filed his motion (once it does so, the burden shifts to the "Government to prove the motion was delivered to prison authorities on a date other than the date the prisoner signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citing *Washington*, 243 F.3d 1301)). Watson therefore must clarify matters here. But given the ease with which a § 2255 movant can simply lie about when he placed his §2255 motion in his prison's mail system, it is worth pausing to remind him that perjury is not tolerated here:

> [L]ying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion, was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to

4

consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D.Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at *2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F.Supp.2d 1376, 1378 n. 2 (S.D.Ga.2012).

*Mingo v. United States*, 2014 WL 4926278 at *1 n. 3 (S.D. Ga. Oct.1, 2014).

Within 21 days of the date this Order is served, Watson shall complete and place within his prison's mail system the attached "Mingo Statement," on which he shall explain, under another § 1746 Declaration, the exact date on which he claims to have mailed his § 2255 motion. After he complies, the Court will review it and decide whether to direct a Government response. Watson is reminded that this Court's time will *not* be wasted by perjurious, as opposed to merely mistaken, § 2255 movants.

Nothing, for that matter, prevents Watson from voluntarily withdrawing his § 2255 motion within that 21-days period.[1]

---

[1] In *Mingo*, the Court considered defense counsel's affidavit about a matter before the Court. Counsel swore to facts adverse to § 2255 movant Mingo. *Mingo*, 2014 WL 4926278 at * 1. The Court directed Mingo to rebut that and provided him with a § 1746 Declaration form. It also warned him that it would tolerate no perjury. Rather than comply, he moved to dismiss his case, and it was promptly granted. *Mingo v.*

5

**SO ORDERED**, this  27th   day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

*United States*, CR612–018, docs. 1082, 1083 & 1088 (S.D. Ga. 2014); *see also Williams v. United States*, CV616-063, doc. 4 (S.D. Ga. June 20, 2016) ("Evidently heeding the Court's perjury warning, *Williams v. United States*, 2016 WL 3194368 at * 2 (S.D. Ga. June 6, 2016), Willie Williams moves the Court to dismiss his 28 U.S.C. § 2255 motion. CR614-001, doc. 128. The motion should be GRANTED."); *Marshall v. United States*, 2015 WL 3936033 at * 2 (S.D. Ga. 2015) (also ordering supplemental statements subject to perjury).

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| TYREIK LARRY WATSON, ) | | |
| ) | | |
| Movant, ) | | |
| ) | | |
| v. ) | Case No. | CV416-145 |
| ) | | CR413-128 |
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Respondent. ) | | |

## TYREIK LARRY WATSON'S STATEMENT

_____

_____

_____

_____

_____

_____

_____

Any required additional pages shall be attached and will be subject to this Declaration:

**Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct and that this was placed in my prison's mailing system on _____, 2016.**

_____
TYREIK LARRY WATSON